The Honorable John C. Coughenour

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HARAM CORPORATION, a Washington for profit Corporation, d/b/a DREXEL DELI & GROCERY, NAI KYU LEE, an Individual, MYUNG H. LEE, an Individual, and MYUNG HEE LEE, an Individual,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA<br><br>Defendant. | No. C18-1651-JCC<br><br>UNITED STATES' ANSWER TO COMPLAINT |

Defendant United States of America, by and through its attorneys, Brian T. Moran, United States Attorney for the Western District of Washington, and Pooja Faldu Davé, Assistant United States Attorney, hereby answers the Complaint filed by Haram Corporation, d/b/a Drexel Deli & Grocery, Nai Kyu Lee, Myung H. Lee, and Myung Hee Lee (together, "Plaintiffs"), as follows:

In response to the numbered paragraphs of the Complaint, Defendant admits, denies, or otherwise avers as follows:

UNITED STATES' ANSWER TO COMPLAINT
Case No. C18-1651-JCC - 1

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1. With respect to the allegations in Paragraph 1, admit that Drexel is located in Seattle, Washington. Aver that Drexel is classified as a convenience store for purposes of the Supplemental Nutrition Assistance Program ("SNAP"). Defendant lacks information or knowledge sufficient to form a belief as to the truth or the falsity of the remaining allegations in Paragraph 1, and therefore denies them.

2. With respect to the allegations in Paragraph 2, admit that Drexel is located in Washington's 7th Congressional District, that SNAP benefits were formerly known as the food stamp program, and that the Food and Nutritional Service ("FNS") of the United States Department of Agriculture ("USDA") oversees the SNAP program. Admit the remainder of the allegations in Paragraph 2 characterizing the USDA's January 2018 Profile of SNAP Households for Washington Congressional District 7 ("USDA Profile") to the extent the allegations are consistent with what is contained in the the USDA Profile, and deny the allegations to the extent they are inconsistent with what is contained in the USDA Profile.

3. With respect to the allegations in Paragraph 3, deny that Drexel currently accepts EBT payments and participates in the SNAP program. Aver that Drexel accepted EBT payments while it participated in the SNAP program, which Drexel was permanently disqualified from the SNAP program on May 16, 2018, and that Drexel does not currently participate in the SNAP program. The United States lacks information or knowledge sufficient to form a belief as to the truth or the falsity of the remaining allegation in Paragraph 3, and therefore denies it.

4. Admit that USDA, through FNS, sent Plaintiffs a Charging Letter on March 22, 2018. Admit the remaining allegations in Paragraph 4 to the extent that they are consistent with what is contained in the March 22, 2018 Charging Letter, and deny the allegations to the extent that they are inconsistent with what is contained in the March 22, 2018 Charging Letter.

UNITED STATES' ANSWER TO COMPLAINT
Case No. C18-1651-JCC - 2

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

5. With respect to the allegations in Paragraph 5, admit that Plaintiffs responded to the Charging Letter and that on May 16, 2018, Plaintiffs were permanently disqualified from the SNAP program. The remaining allegations in Paragraph 5 are denied.

6. The United States lacks information or knowledge sufficient to form a belief as to the allegations in Paragraph 6, and therefore denies them.

7. With respect to the allegations in Paragraph 7, admit that Plaintiffs filed a Request for Administrative Review under 7 C.F.R. § 279. Admit the remaining allegations in Paragraph 7 to the extent that they are consistent with what is contained Plaintiffs' Request for Administrative Review, and deny the remaining allegations in Paragraph 7 to the extent that they are inconsistent with what is contained in Plaintiffs' Request for Administrative Review.

8. Defendant admits the allegations in Paragraph 8.

9. The allegation in Paragraph 9 regarding the timeliness of Plaintiffs' Judicial Appeal is a legal conclusion, to which no response is required. The remaining allegations in Paragraph 9 consist of Plaintiffs' request for judicial review of FNS' Final Agency Decision and require no response. To the extent a response is required, the allegations in Paragraph 9 are denied.

10. With respect to the allegations in Paragraph 10, admit that Plaintiffs have filed a Complaint against the United States. The remaining allegations in Paragraph 10 require no response.

11. The allegations in Paragraph 11 contain legal conclusions that do not require a response.

12. The allegations in Paragraph 12 contain legal conclusions that do not require a response.

13. With respect to the allegations in Paragraph 13, admit that Drexel is a named Plaintiff in this lawsuit, has filed a Complaint against the United States, and operates at 523 3rd Avenue,

UNITED STATES' ANSWER TO COMPLAINT
Case No. C18-1651-JCC - 3

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Seattle, Washington 98014 in King County, Washington. The United States lacks information or knowledge sufficient to form a belief as to the truth or the falsity of the allegation that Drexel is a for-profit corporation, and therefore denies that allegation. The remaining allegation in Paragraph 13 requires no response.

14. With respect to the allegations in Paragraph 14, admit that Nai Kyu Lee is a named Plaintiff in this lawsuit and has filed a Complaint against the United States. The United States lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegation concerning Nai Kyu Lee's residence, and therefore denies that allegation. The remaining allegation in Paragraph 14 requires no response.

15. With respect to the allegations in Paragraph 15, admit that Myung H. Lee is a named Plaintiff in this lawsuit and has filed a Complaint against the United States. The United States lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegation concerning Myung H. Lee's residence, and therefore denies that allegation. The remaining allegation in Paragraph 15 requires no response.

16. With respect to the allegations in Paragraph 16, admit that Myung Hee Lee is a named Plaintiff in this lawsuit and has filed a Complaint against the United States. The United States lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegation concerning Myung Hee Lee's residence, and therefore denies that allegation. The remaining allegation in Paragraph 16 requires no response.

17. With respect to the allegations in Paragraph 17, admit that Plaintiffs have named the United States as a defendant in this action, that USDA is an agency of the United States, and that FNS is part of the USDA. The remaining allegation in Paragraph 17 requires no response.

18. Admit the allegations in Paragraph 18.

UNITED STATES' ANSWER TO COMPLAINT
Case No. C18-1651-JCC - 4

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

19. With respect to the allegations in Paragraph 19, admit that SNAP's general purpose is to provide nutrition assistance to participants who meet certain financial need requirements and that SNAP benefits are issued on a state-by-state basis to participants monthly through their EBT cards. The United States lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 19, and therefore denies them.

20. With respect to the allegations in Paragraph 20, admit that benefits provided to SNAP recipients are to be used only for the purchase of food and other eligible items from authorized SNAP retailers. The allegation that Drexel is an approved SNAP retailer is denied.

21. The allegations in Paragraph 21 are legal conclusions that do not require a response.

22. With respect to the allegations in Paragraph 22, admit that SNAP violations by retailers can occur through the sale of ineligible items to SNAP participants using EBT benefits and through trafficking in SNAP benefits. The United States lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 22, and therefore denies them.

23. The allegations in Paragraph 23 are legal conclusions that do not require a response.

24. The allegations in Paragraph 24 concerning 7 C.F.R. § 278.6 are legal conclusions that do not require a response. The allegations in the last sentence of Paragraph 24 are denied.

25. The allegations in Paragraph 25 are denied.

26. The allegations in Paragraph 26 are denied.

27. With respect to the allegations in Paragraph 27, admit the United States has permanently disqualified Plaintiffs from participating in the SNAP program. The remainder of the allegations in Paragraph 27 are denied.

28. The allegations in Paragraph 28 are denied.

UNITED STATES' ANSWER TO COMPLAINT
Case No. C18-1651-JCC - 5

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1       29.     The allegations in Paragraph 29 are denied.

2       30.     The allegations in Paragraph 30 are denied.  The allegations in Footnote 3 do not

3 require a response.  To the extent a response is required, denied.

4       31.     Admit the allegations in Paragraph 31 to the extent that they are consistent with what

5 is contained in the Charging Letter, and deny the allegations in Paragraph 31 to the extent that they

6 are inconsistent with what is contained in the Charging Letter.

7       32.     With respect to Paragraph 32, admit the characterization of the testimony of Douglas

8 Wilson in connection with his previous designation as a Rule 30(b)(6) witness by the United States

9 in a separate litigation to the extent that the characterization is consistent with what is contained in

10 that deposition transcript of Douglas Wilson, and deny the allegations to the extent that the

11 characterization is inconsistent with what is contained in that deposition transcript of Douglas

12 Wilson.  The remaining allegations in Paragraph 32 are denied.  The allegations in Footnote 4 do not

13 require a response.  To the extent a response is required, denied.

14      33.     With respect to Paragraph 33, admit the characterization of the testimony of Douglas

15 Wilson in connection with his previous designation as a Rule 30(b)(6) witness by the United States

16 in a separate litigation to the extent that the characterization is consistent with what is contained in

17 that deposition transcript of Douglas Wilson, and deny the allegations to the extent the

18 characterization is inconsistent with what is contained in that deposition transcript of Douglas

19 Wilson.  The remaining allegations in Paragraph 33 are denied.

20      34.     The allegations in Paragraph 34 are denied.

21      35.     With respect to Paragraph 35, admit that FNS refers stores that have been identified

22 by the ALERT system as having suspicious SNAP redemption patterns to the Investigative Analysis

23 Branch ("IAB") for investigation.  The remaining allegations in Paragraph 35 are denied.

UNITED STATES' ANSWER TO COMPLAINT
Case No. C18-1651-JCC - 6

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

36. With respect to Paragraph 36, admit that the FNS case screening branch referred Drexel to IAB Section Chief Jocelyn Keh for investigation and possible civil compliance action and that Ms. Keh issued the Charge Letter and Determination Letter permanently disqualifying Drexel. The remaining allegations in Paragraph 36 are denied.

37. The allegations in Paragraph 37 are denied.

38. The allegations in Paragraph 38 are denied.

39. With respect to the allegations in Paragraph 39, admit that Plaintiffs have not yet seen the Administrative Record and that FNS did not interview households engaged in the flagged transactions. The remaining allegations in Paragraph 39 are denied.

40. The allegations in Paragraph 40 and Footnote 5 are legal conclusions that do not require a response.

41. The allegations in Paragraph 41 are denied.

42. With respect to the allegations in Paragraph 42, admit that Plaintiffs currently do not have access to the Administrative Record and that Plaintiffs' attorney made a FOIA request. The remaining allegations in Paragraph 42 and Footnote 6 are denied.

43. With respect to the allegations in Paragraph 43, admit that an Administrative Law Judge or a department attorney did not make the Final Agency Decision. The remainder of the allegations of Paragraph 43 are denied.

44. The allegations in Paragraph 44 are denied.

45. The allegations in Paragraph 45 are denied.

46. The allegations in Paragraph 46 are denied.

47. The allegations in Paragraph 47 are denied.

48. The allegations in Paragraph 48 are denied.

UNITED STATES' ANSWER TO COMPLAINT
Case No. C18-1651-JCC - 7

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1     49.     By this reference, Defendant hereby incorporates each of its responses to all preceding paragraphs.

2     50.     The allegations in Paragraph 50 are legal conclusions that do not require a response.

3     51.     The allegations in Paragraph 51 are legal conclusions that do not require a response.

4     52.     The allegations in Paragraph 52 are denied.

5     53.     The allegations in Paragraph 53 are denied.

6     54.     The allegations in Paragraph 54 are denied.

7     55.     The allegations in Paragraph 55 are denied.

The remaining allegations (following Paragraph 55) contain Plaintiffs' request for relief and request for *de novo* review of the Final Agency Action and do not constitute factual allegations that require a response. To the extent a response is required, the United States denies that Plaintiffs are entitled to any of the relief they seek.

The United States denies all allegations contained in the Complaint that it has not specifically admitted above.

WHEREFORE, the United States prays for judgment as follows:

1. For an order dismissing Plaintiffs' Complaint in its entirety with prejudice;

2. For an award of Defendant's costs and disbursements incurred in this action; and

3. For any other relief in favor of the United States that the Court deems just and proper.

//

//

UNITED STATES' ANSWER TO COMPLAINT
Case No. C18-1651-JCC - 8

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

DATED this 5th day of March, 2019.

Respectfully submitted,

BRIAN T. MORAN
United States Attorney

 */s/ Pooja Faldu Davé*
POOJA FALDU DAVÉ, NY Bar #5011804
Assistant United States Attorney
700 Stewart Street, Suite 5220
Seattle, WA  98101-1271
Telephone No. (206) 553-7970
Fax No. (206) 553-4073
Email:  pooja.dave@usdoj.gov

Attorney for Defendant United States of America

UNITED STATES' ANSWER TO COMPLAINT
Case No. C18-1651-JCC - 9

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

CERTIFICATE OF SERVICE

The undersigned hereby certifies that he is an employee in the Office of the United States Attorney for the Western District of Washington and is a person of such age and discretion as to be competent to serve papers.

It is further certified that on this date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following CM/ECF participant(s):

Andrew Z. Tapp           Andrew@metropolitan.Legal

Stephen Pratt Hokanson   Sphokanson@outlook.com

DATED this 5th day of March, 2019.

    */s/ Marciano Quinonez*
MARCIANO QUINONEZ
Legal Assistant
Western District of Washington
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, WA 98101
Phone:  206-553-7970
E-mail:  marciano.quinonez-cheeks@usdoj.gov

UNITED STATES' ANSWER TO COMPLAINT
Case No. C18-1651-JCC - 10

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970